IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. EP-17-CR-1080-PRM |
| | § | |
| Plaintiff, | § | S E A L E D |
| | § | |
| v. | § | SUPERSEDING INDICTMENT |
| | § | |
| MARIO ARMANDO ORRANTIA, | § | CT 1: 21 U.S.C. § 846; Conspiracy to |
| a.k.a. Quezada (1); | § | Possess with the Intent to Distribute A |
| CARMEN ALFREDO MARQUEZ- | § | Controlled Substance; |
| CASTILLO, a.k.a. Viejo, a.k.a. Viejito (2); | § | CT 2: 21 U.S.C. § 846; Conspiracy to |
| JOSE REYES VALDEZ, a.k.a. Paco, | § | Possess with the Intent to Distribute A |
| a.k.a. Gordo, a.k.a. Gordito (3); | § | Controlled Substance; |
| ANGELA LEON, a.k.a. Menona (4); | § | CT 3: 21 U.S.C. § 841(a)(1) & 18 U.S.C. |
| HUMBERTO ALEMAN-LIMAS, | § | §2; Possession of a Controlled Substance |
| a.k.a. Paquetes (5); | § | with Intent to Distribute and Aiding and |
| | § | Abetting; |
| | § | CT 4: 21 U.S.C. § 841(a)(1); Possession |
| EDUARDO RUBALCABA (7); | § | of a Controlled Substance with Intent to |
| HUGO ARTURO FAUDOA (8); | § | Distribute; |
| JERRY MINSU FLOWERS (9); | § | CT 5: 21 U.S.C. § 841(a)(1); Possession of |
| MIGUEL ANGEL PEREZ (10); | § | a Controlled Substance with Intent to |
| JOSE LUIS MARTINEZ, a.k.a. Güero (11); | § | Distribute; |
| PEDRO JIMENEZ (12); | § | CT 6: 18 U.S.C. § 1956(h); Conspiracy to |
| JERRY LEWIS (13); | § | Launder Monetary Instruments |
| JOSHUA ANGEL TALAMANTES, | § | CT 7: 18 U.S.C. § 1956(h); Conspiracy to |
| a.k.a. Pirata (14); | § | Launder Monetary Instruments; |
| BRENDA RANGEL, a.k.a. Paisana (15); | § | CT 8: 31 U.S.C. § 5332(a)(1); Bulk Cash |
| BRYAN RAMIREZ GUERRERO (16); | § | Smuggling; and |
| | § | CT 9: 21 U.S.C. § 841(a)(1) & 18 U.S.C. |
| ERICK MENDOZA (18); and | § | §2; Possession of a Controlled Substance |
| JOE JOHN PASILLAS (19), | § | with Intent to Distribute and Aiding and |
| | § | Abetting. |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

1

## COUNT ONE
(21 U.S.C. §§ 846 & 841(a)(1))

That beginning on or about March of 2015 and continuing through and including on or about July of 2016, in the Western District of Texas and elsewhere, Defendants,

**MARIO ARMANDO ORRANTIA, a.k.a. Quezada (1);
CARMEN ALFREDO MARQUEZ-CASTILLO, a.k.a. Viejo, a.k.a. Viejito (2);
JOSE REYES VALDEZ, a.k.a. Paco (3);
ANGELA LEON, a.k.a. Menona (4);
HUMBERTO ALEMAN-LIMAS, a.k.a. Paquetes (5);**

**EDUARDO RUBALCABA (7);
HUGO ARTURO FAUDOA (8);
JERRY MINSU FLOWERS (9);
MIGUEL ANGEL PEREZ (10);
JOSE LUIS MARTINEZ, a.k.a. Güero (11);
PEDRO JIMENEZ (12);
JERRY LEWIS (13);
JOSHUA ANGEL TALAMANTES, a.k.a. Pirata (14);**

**ERICK MENDOZA (18); and
JOE JOHN PASILLAS (19),**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with each other, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved cocaine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of cocaine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| MARIO ARMANDO ORRANTIA, a.k.a. Quezada (1) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| CARMEN ALFREDO MARQUEZ-CASTILLO, a.k.a. Viejo, a.k.a. Viejito (2) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| JOSE REYES VALDEZ, a.k.a. Paco (3) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| ANGELA LEON, a.k.a. Menona (4) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
| HUMBERTO ALEMAN-LIMAS, a.k.a. Paquetes (5) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| EDUARDO RUBALCABA (7) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| HUGO ARTURO FAUDOA (8) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| JERRY MINSU FLOWERS (9) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| MIGUEL ANGEL PEREZ (10) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| JOSE LUIS MARTINEZ, a.k.a. Güero (11) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |

| PEDRO JIMENEZ (12) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
|---|---|---|
| JERRY LEWIS (13) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| JOSHUA ANGEL TALAMANTES a.k.a. Pirata (14) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |

| ERICK MENDOZA (18) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
|---|---|---|
| JOE JOHN PASILLAS (19) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(21 U.S.C. §§ 846 & 841(a)(1) & 841(b))

That beginning on or about March of 2015 and continuing through and including on or about July of 2016, in the Western District of Texas, and elsewhere, Defendants,

**MARIO ARMANDO ORRANTIA, a.k.a. Quezada (1);
CARMEN ALFREDO MARQUEZ-CASTILLO, a.k.a. Viejo, a.k.a. Viejito (2);
JOSE REYES VALDEZ, a.k.a. Paco (3);
JOSE LUIS MARTINEZ, a.k.a. Güero (11);
PEDRO JIMENEZ (12);
JERRY LEWIS (13);
JOSHUA ANGEL TALAMANTES, a.k.a. Pirata (14); and
JOE JOHN PASILLAS (19),**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, with others to the Grand Jury known and unknown, to commit offenses against the United States,

4

in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved marijuana, a Schedule I Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of the mixture or substance containing marijuana involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| MARIO ARMANDO ORRANTIA, a.k.a. Quezada (1) | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
| CARMEN ALFREDO MARQUEZ-CASTILLO, a.k.a. Viejo, a.k.a. Viejito (2) | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
| JOSE REYES VALDEZ, a.k.a. Paco (3) | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
| JOSE LUIS MARTINEZ, a.k.a. Güero (11) | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
| PEDRO JIMENEZ (12) | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
| JERRY LEWIS (13) | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |

| JOSHUA ANGEL TALAMANTES a.k.a. Pirata (14) | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
|---|---|---|
| JOE JOHN PASILLAS (19) | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |

All in violation of Title 21, United States Code, Section 846.

**COUNT THREE**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(ii)(II) & 18 U.S.C. §2)

That beginning on or about September 28, 2015, and continuing through and including on or about October 9, 2015, in the Western District of Texas and elsewhere, Defendants,

**MARIO ARMANDO ORRANTIA, a.k.a. Quezada (1);
CARMEN ALFREDO MARQUEZ-CASTILLO, a.k.a. Viejo, a.k.a. Viejito (2);
EDUARDO RUBALCABA (7);
HUGO ARTURO FAUDOA (8); and
JERRY MINSU FLOWERS (9),**

did knowingly and intentionally possess with intent to distribute a controlled substance, and aided and abetted the knowing and intentional possession with intent to distribute a controlled substance, which offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii) (II).

**COUNT FOUR**
(21 U.S.C. § 841(a)(1), 841(b)(1)(B)(vii))

That beginning on or about September 3, 2015, and continuing through and including on or about September 18, 2015, in the Western District of Texas and elsewhere, Defendant,

**JOSE REYES VALDEZ, a.k.a. Paco (3);**

6

did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(B)(vii).

## COUNT FIVE
(21 U.S.C. § 841(a)(1), 841(b)(1)(B)(vii))

That beginning on or about January 23, 2016, and continuing through and including on or about January 29, 2016, in the Western District of Texas and elsewhere, Defendant,

### JOSE LUIS MARTINEZ, a.k.a. Güero (11)

did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(B)(vii).

## COUNT SIX
(Conspiracy to Launder Monetary Instruments)
(18 U.S.C. §§1956(a)(1)(A)(i) & (B)(i) & (ii) & (h))

That beginning on or about March of 2015 and continuing through and including on or about May of 2016, in the Western District of Texas, and elsewhere, the Defendants,

### MARIO ARMANDO ORRANTIA, a.k.a. Quezada (1);
### CARMEN ALFREDO MARQUEZ-CASTILLO, a.k.a. Viejo, a.k.a. Viejito (2);
### JOSE REYES VALDEZ, a.k.a. Paco (3);
### ANGELA LEON, a.k.a. Menona (4);
### HUMBERTO ALEMAN-LIMAS, a.k.a. Paquetes (5);

### EDUARDO RUBALCABA (7);
### HUGO ARTURO FAUDOA (8);
### JERRY MINSU FLOWERS (9);
### MIGUEL ANGEL PEREZ (10);
### PEDRO JIMENEZ (12);
### JOSHUA ANGEL TALAMANTES, a.k.a. Pirata (14); and
### JOE JOHN PASILLAS (19)

7

did knowingly conspire and agree with others known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, such property being, in fact, the proceeds of a specified unlawful activity, to wit: conspiracy to possess with the intent to distribute a controlled substance:

a. with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

b. knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the source, the ownership, and the control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

c. knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under State or Federal Law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

All in violation of Title 18, United States Code, Section 1956(a)(1) & (h).

## COUNT SEVEN
(Conspiracy to Launder Monetary Instruments)
(18 U.S.C. §§ 1956(a)(2)(A) & (h))

That beginning on or about August 19, 2015, and continuing through and including August 22, 2015, in the Western District of Texas and elsewhere, the Defendants,

**MARIO ARMANDO ORRANTIA, a.k.a. Quezada (1);
CARMEN ALFREDO MARQUEZ-CASTILLO, a.k.a. Viejo, a.k.a. Viejito (2); and
ANGELA LEON, a.k.a. Menona (4);**

did knowingly conspire and agree with each other and with others known and unknown to the Grand Jury to transport and transfer and attempt to transport and transfer monetary instruments and funds from a place inside the United States to a place outside the United States, that is Mexico,

a. with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18 United States Code, Section 1956(a)(2)(A); and

b. knowing that the monetary instruments and funds involved in the transport and transfer represent the proceeds said specified unlawful activity and knowing that such transport and transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership and the control of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

c. knowing that the monetary instruments and funds involved in the transport and transfer represent the proceeds of said specified unlawful activity and knowing that such transport and transfer was designed in whole or in part to avoid a transaction reporting requirement under State or Federal Law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii);

All in violation of Title 18 United States Code, Section 1956(h).

## COUNT EIGHT
(31 U.S.C. § 5332(a)(1) and (b) - Bulk Cash Smuggling)

On or about March 11, 2015, in the Western District of Texas and elsewhere, Defendant,

**BRYAN RAMIREZ GUERRERO,**

with the intent to evade filing a report as prescribed by the Secretary of Treasury, as required by Title 31, United States Code, section 5316, did knowingly conceal more than $10,000 in currency and other monetary instruments on his person and in a conveyance, and did transport and attempt to transport such currency and monetary instruments from a place inside the United States to a place outside the United States, in violation of Title 31, United States Code, Section 5332.

## COUNT NINE
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(ii)(II) & 18 U.S.C. §2)

That beginning on or about July 22, 2016, and continuing through and including on or about July 28, 2016, in the Western District of Texas and elsewhere, Defendant,

9

### ERICK MENDOZA (18),

did knowingly and intentionally possess with intent to distribute a controlled substance, and aided and abetted the knowing and intentional possession with intent to distribute a controlled substance, which offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii) (II).

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
(21 U.S.C. § 853, 31 U.S.C. § 5332, 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461(c))

1. As a result of the controlled substance offenses alleged in Counts One through Five and Count Nine of this Indictment, the United States of America gives notice to the Defendants,

MARIO ARMANDO ORRANTIA, a.k.a. Quezada (1);
CARMEN ALFREDO MARQUEZ-CASTILLO, a.k.a. Viejo, a.k.a. Viejito (2);
JOSE REYES VALDEZ, a.k.a. Paco (3);
ANGELA LEON, a.k.a. Menona (4);
HUMBERTO ALEMAN-LIMAS, a.k.a. Paquetes (5);

EDUARDO RUBALCABA (7);
HUGO ARTURO FAUDOA (8);
JERRY MINSU FLOWERS (9);
MIGUEL ANGEL PEREZ (10);
JOSE LUIS MARTINEZ, a.k.a. Güero (11);
PEDRO JIMENEZ (12);
JERRY LEWIS (13);
JOSHUA ANGEL TALAMANTES, a.k.a. Pirata (14);

ERICK MENDOZA (18); and
JOE JOHN PASILLAS (19)

of its intent to seek forfeiture to the United States, pursuant to 21 U.S.C. §§ 853 and 970, of any and all property constituting, or derived from, any proceeds that said defendants obtained directly or indirectly as a result of said violations, and of any and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including but not limited to the following:

a. A sum of United States Currency representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable; and

b. Approximately $11,171 in United States Currency seized on or about March 11, 2015, from Bryan Ramirez Guerrero at the Ysleta Port of Entry in El Paso, Texas; and

c. Approximately $58,400 in United States Currency seized on or about August 22, 2015, from Angela Leon, a.k.a. Menona at the Bridge of the Americas Port of Entry in El Paso, Texas;

d. Approximately $16,483 in United States Currency seized on or about October 6, 2015, from a vehicle driven by Humberto Aleman-Limas a.k.a. Paquetes and Hector Noe Mota-Nevarez, a.k.a. Paquetes in Las Cruces, New Mexico; and

e. a 2002 Chevy Avalanche bearing Vehicle Identification Number 3GNEK13T82G215188, which was seized on or about September 18, 2015, in El Paso, Texas.

2. As a result of the conspiracy to commit money laundering offense set forth in Counts Six and Seven of this Indictment, the United States of America gives notice to the Defendants,

**MARIO ARMANDO ORRANTIA, a.k.a. Quezada (1);
CARMEN ALFREDO MARQUEZ-CASTILLO, a.k.a. Viejo, a.k.a. Viejito (2);
JOSE REYES VALDEZ, a.k.a. Paco (3);
ANGELA LEON, a.k.a. Menona (4);
HUMBERTO ALEMAN-LIMAS, a.k.a. Paquetes (5);**

**EDUARDO RUBALCABA (7);
HUGO ARTURO FAUDOA (8);
JERRY MINSU FLOWERS (9);
MIGUEL ANGEL PEREZ (10);
PEDRO JIMENEZ (12);
JOSHUA ANGEL TALAMANTES, a.k.a. Pirata (14); and
JOE JOHN PASILLAS (19)**

of its intent to seek forfeiture to the United States, pursuant to 18 U.S.C. § 982(a)(1), of any and all property, real and personal, involved in such offense, and any property traceable to such property, including but not limited to the following:

a. A sum of United States Currency representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable; and

b. Approximately $11,171 in United States Currency seized on or about March 11, 2015, from Bryan Ramirez Guerrero at the Ysleta Port of Entry in El Paso, Texas; and

c. Approximately $58,400 in United States Currency seized on or about August 22, 2015, from Angela Leon, a.k.a. Menona at the Bridge of the Americas Port of Entry in El Paso, Texas; and

d. Approximately $16,483 in United States Currency seized on or about October 6, 2015, from a vehicle driven by Humberto Aleman-Limas a.k.a. Paquetes and Hector Noe Mota-Nevarez, a.k.a. Paquetes in Las Cruces, New Mexico.

3. As a result of the bulk cash smuggling offense set forth in Count Eight of this Indictment, the United States of America gives notice to the Defendant,

**BRYAN RAMIREZ GUERRERO,**

of its intent to seek forfeiture, pursuant to Title 31, United States Code, Sections 5332(b), of any and all property, real and personal, involved in the offense, and of nay and ll perperty traceable to such property, including, but ot limited to the following:

a. A sum of United States Currency representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable; and

b. Approximately $11,171 in United States Currency seized on or about March 11, 2015, from Bryan Ramirez Guerrero at the Ysleta Port of Entry in El Paso, Texas; and

c. Approximately $58,400 in United States Currency seized on or about August 22, 2015, from Angela Leon, a.k.a. Menona at the Bridge of the Americas Port of Entry in El Paso, Texas; and

d. Approximately $16,483 in United States Currency seized on or about October 6, 2015, from a vehicle driven by Humberto Aleman-Limas, a.k.a. Paquetes and Hector Noe Mota-Nevarez, a.k.a. Paquetes in Las Cruces, New Mexico.

<u>Substitute Assets Provision</u>

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), of any other property of said defendants up to the value of the above-described forfeitable property.

A TRUE BILL

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

FOREPERSON OF THE GRAND JURY

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

Daphne Newaz
Assistant United States Attorney