# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA

v.

Mario Armando Orrantia,
aka: Quezada,
TN: MARIO ARMANDO ORRANTIA-RAMOS

Defendant.

Case Number: EP:17-CR-01080-PRM(1)
USM Number: 90557-380

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, Mario Armando Orrantia, aka: Quezada, TN: MARIO ARMANDO ORRANTIA-RAMOS, was represented by Joseph Robert Veith.

On motion by the Government, the Court has dismissed Counts 1, 2, 3, 6, 7 of the Original Indictment, and Counts 2, 3 and 7 of the Superceding Indictment.

The defendant pled guilty to Counts 1 and 6 of the Superceding Indictment on March 27, 2018. Accordingly, the defendant is adjudged guilty of such Counts, involving the following offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21 USC 846 & 841 Conspiracy To Possess W/Intent To Distribute A Controlled Substance, To-Wit: Cocaine > 5 Kilograms | July 31, 2016 | 1 |
| 18 USC 1956 Conspiracy To Launder Monetary Instruments | May 31, 2016 | 6 |

As pronounced on November 6, 2018, the defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this 7th day of November, 2018.

PHILIP R. MARTINEZ
United States District Judge

DEFENDANT:        Mario Armando Orrantia, aka: Quezada, TN: MARIO ARMANDO ORRANTIA-RAMOS
CASE NUMBER:   EP:17-CR-01080-PRM(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of two-hundred forty (240) months as to each of Counts 1 and 6, to be served concurrently, with credit for time served while in custody for this offense.

The Court makes the following recommendations to the Federal Bureau of Prisons:

That the defendant be incarcerated in a federal facility separate and apart from the co-defendants in this case.

The attorney for the defendant makes a request to the Federal Bureau of Prisons for a designation to serve this sentence at a facility as close to El Paso, Texas as possible.

The defendant shall remain in custody pending service of sentence.

**RETURN**

I have executed this Judgment as follows:

_____
_____
_____

  Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

United States Marshal

By _____
   Deputy Marshal

DEFENDANT:        Mario Armando Orrantia, aka: Quezada, TN: MARIO ARMANDO ORRANTIA-RAMOS
CASE NUMBER:   EP:17-CR-01080-PRM(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years as to Count 1, and three (3) years as to Count 6, to run concurrently.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special and/or additional conditions on the attached pages that have been adopted by this Court.

## MANDATORY CONDITIONS

1. The defendant shall not commit another federal, state or local crime during the term of supervision.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.
4. The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).
5. If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.
6. If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.
7. If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
8. The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. The defendant shall notify the court of any material change in defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

DEFENDANT: Mario Armando Orrantia, aka: Quezada, TN: MARIO ARMANDO ORRANTIA-RAMOS
CASE NUMBER: EP:17-CR-01080-PRM(1)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.
3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.
4. The defendant shall answer truthfully the questions asked by the probation officer.
5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.
7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.
10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.
13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.
14. If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.
15. If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is the condition of supervision that the defendant shall provide the probation officer access to any requested financial information.
16. If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: Mario Armando Orrantia, aka: Quezada, TN: MARIO ARMANDO ORRANTIA-RAMOS
CASE NUMBER: EP:17-CR-01080-PRM(1)

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

_X_    It is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

_X_    It is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

_X_    The defendant shall submit his person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media, or office to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be seared contain evidence of this violation.

DEFENDANT:　　　　Mario Armando Orrantia, aka: Quezada, TN: MARIO ARMANDO ORRANTIA-RAMOS
CASE NUMBER:　　　EP:17-CR-01080-PRM(1)

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

X　　　The defendant will attend and participate in parenting classes as directed by the Probation Officer.

X　　　Upon release from imprisonment, if no suitable residence exists, the Defendant shall reside at Dismas Charities, Inc., 7011 Alameda, El Paso, Texas for a period of one-hundred and eighty (180) days and shall report to said facility as directed by the probation officer. In addition to abiding by all the rules of Dismas Charities, Inc., the Defendant shall not terminate his stay at Dismas Charities Inc nor separate from the facility unless authorized by the probation officer or the director of Dismas Charities Inc. The Defendant shall report in person to the probation officer within 72 hours of completing his stay or having been terminated from further residence at Dismas Charities, Inc. The Defendant shall pay 25% of his weekly gross income during his stay at Dismas Charities, Inc. for subsistence or an appropriate amount as determined by the probation officer as long as that amount does not exceed the daily contract rate.

DEFENDANT:       Mario Armando Orrantia, aka: Quezada, TN: MARIO ARMANDO ORRANTIA-RAMOS
CASE NUMBER:    EP:17-CR-01080-PRM(1)

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 525 Magoffin Avenue, Room 105, El Paso, Texas 79901.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | **Assessment** | **JVTA Assessment*** | **Fine**    | **Restitution** |
|--------|---------------|----------------------|-------------|-----------------|
| TOTAL: | $200.00       | $.00                 | $20,000.00  | $.00            |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $200.00.

### Fine

The defendant shall pay a fine of $20,000.00.  Payment of this sum shall begin immediately.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22

DEFENDANT: Mario Armando Orrantia, aka: Quezada, TN: MARIO ARMANDO ORRANTIA-RAMOS
CASE NUMBER: EP:17-CR-01080-PRM(1)

# FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

a) A sum of $9,600,000 in United States (nine million six hundred thousand dollars), representing a portion of the proceeds obtained as a result of the controlled substance offense alleged in Count One, and also representing property involved in the money laundering offense charged in Count Six (hereinafter, the "Money Judgment");

b) One 2002 Chevy Avalanche bearing Vehicle Identification Number 3GNEK 13T82G215188, which was seized on or about September 18, 2015, in El Paso, Texas;

c) Approximately $11,171 in United States Currency seized on or about March 11, 2015, from Bryan Ramirez Guerrero at the Ysleta Port of Entry in El Paso, Texas;

d) Approximately $58,400 in United States Currency seized on or about August 22, 2015, from Angela Leon, a.k.a. Menona at the Bridge of the Americas Port of Entry in El Paso, Texas;

e) Approximately $16,483 (sixteen thousand four hundred eighty-three dollars) in United States Currency seized on or about October 6, 2015, from a vehicle driven by Humberto Aleman-Limas, a.k.a. Paquetes and Hector Noe Mota-Nevarez, a.k.a. Paquetes in Las Cruces, New Mexico;

f) The amount of $6,410.00 (six thousand four hundred ten dollars), more or less, in United States currency, seized on or about June 21, 2017, in El Paso, Texas;

g) 2016 Ford F250 Super Duty Crew Cab SRW, YIN# 1FT7W2BTOGEB992255; and

h) Assorted Jewelry, which was seized on or about June 21, 2017, in El Paso, Texas.